COPY

1    BRIAN S. CURREY (S.B. #108255)
     bcurrey@omm.com
2    MOLLY J. MAGNUSON (S.B. #229444)
     mmagnuson@omm.com
3    O'MELVENY & MYERS LLP
     400 South Hope Street
4    Los Angeles, CA 90071-2899
     Telephone: (213) 430-6000
5    Facsimile: (213) 430-6407

6    Attorneys for Defendant
     BELKIN INTERNATIONAL, INC.
7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11   AYELET HARPAZ, individually          Case No.
     and on behalf of the general public
12   and all others similarly situated,,   CLASS ACTION

13                   Plaintiff,            BELKIN INTERNATIONAL, INC.'S
                                           NOTICE OF REMOVAL OF
14        v.                               ACTION UNDER 28 U.S.C. § 1441

15   BELKIN INTERNATIONAL, INC.;
     and DOES 1-100, inclusive,,
16
                     Defendant.
17

18

19                      **NOTICE OF REMOVAL**

20            Pursuant to 28 U.S.C. § 1441, Defendant Belkin International, Inc.

21   ("Belkin") hereby removes to this Court the purported class action entitled *Ayelet*

22   *Harpaz v. Belkin Int'l, Inc.*, Case Number BC417047, commenced in the Superior

23   Court of the State of California for the County of Los Angeles on or about July 2,

24   2009. Federal jurisdiction exists over this removed action pursuant to 28 U.S.C. §

25   1441 because Plaintiff's Complaint commenced litigation that could originally have

26   been filed in this Court pursuant to 28 U.S.C. § 1332(d), as amended by the Class

27   Action Fairness Act of 2005 ("CAFA").

28

## BACKGROUND

1.        On July 2, 2009, Plaintiff Ayelet Harpaz filed a purported class action lawsuit on behalf of herself and all others similarly situated in the Superior Court of the State of California for the County of Los Angeles, entitled *Ayelet Harpaz v. Belkin Int'l, Inc.*, Case Number BC417047.  A copy of the Complaint is attached to this Notice as Exhibit A.

2.        Belkin was served with a Summons and a copy of the Complaint on July 13, 2009.

3.        As set forth in detail below, the action commenced by Plaintiff in the California state court is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) as amended by CAFA, and it therefore may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## BELKIN HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.        Belkin was served with a copy of the Complaint on July 13, 2009, through an agent for service of process.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.        Venue for removal is proper in this Court pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Central District of California encompasses the location where the state court action is pending.

6.        Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the clerk of the Superior Court of the State of California, for the County of Los Angeles, where the state court action is pending.

## THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION
## UNDER THE CLASS ACTION FAIRNESS ACT

7.      Federal jurisdiction exists over this removed action pursuant to 28 U.S.C. § 1441 because this action could originally have been filed in this Court pursuant to 28 U.S.C. § 1332(d), as amended by CAFA.  Section 1332(d) provides that the United States District Courts have original jurisdiction over any purported class action: (1) involving a plaintiff class of 100 or more members; (2) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) where at least one member of the plaintiff class is a citizen of a State different from any defendant.  *See* 28 U.S.C. § 1332(d)(2)(A) and (5)(B).

### THE CLASS CONSISTS OF OVER 100 CLASS MEMBERS

8.      Plaintiff's Complaint purports to be filed on behalf of a class comprised of "[a]ll persons similarly situated who purchased a BELKIN FM transmitter."  Complaint ¶ 1.  A Belkin FM transmitter, according to the Complaint, is a "portable electronic product that broadcasts audio content from a portable audio devidce, such as an 'iPod' or other MP3 music player, over a car stereo through an FM frequency."  *Id.*  Plaintiffs do not allege how many persons comprise Plaintiff's putative class.

9.      As set forth in the Declaration of Michael Iacono, filed concurrently with this Notice of Removal, Belkin's records reflect that between November 1, 2008 and July 9, 2009, approximately 709,060 "Tunecast Universal" FM transmitters—the specific product allegedly purchased by Plaintiff (Complaint ¶ 29)—were sold by Belkin to third-party retailers nationwide.  *See* Declaration of Michael Iacono in Support of Notice of Removal ("Iacono Decl.") ¶ 2.  Belkin's records further reflect that, of those 709,060 units sold to retailers, approximately 75,400 units were returned.  *Id.* ¶ 3.  Thus, based on the number of "Tunecast Universal" products placed into the stream of commerce nationwide, the number of

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441

1   class members in Plaintiff's proposed class is greater than 100 for purposes of 28

2   U.S.C. § 1332(d)(5)(B).

3                          **DIVERSITY OF CITIZENSHIP**

4              10.    The Complaint does not allege Plaintiff's domicile or

5   citizenship. Belkin believes that Plaintiff is a domicile, and therefore a citizen, of

6   the State of Illinois. *See* Declaration of Brian Currey in Support of Notice of

7   Removal ("Currey Decl.") ¶ 2.

8              11.    Additionally, according to the Complaint, Plaintiff seeks to

9   represent a nationwide—or perhaps even a worldwide—class of consumers. *See*

10  Complaint ¶¶ 1, 36. Accordingly, the class is comprised of persons domiciled in

11  most if not all States nationwide and, therefore, class members are citizens of many

12  States nationwide.

13             12.    Belkin is and was at the time Plaintiff commenced this action, a

14  corporation organized under the laws of the State of Delaware and with its principal

15  place of business also in California. *Id.* ¶ 9. Therefore, Belkin is a citizen of both

16  Delaware and California for purposes of determining diversity.

17             13.    The citizenship of "Doe" Defendants 1 through 10 can be

18  disregarded for purposes of removal jurisdiction. *See* 28 U.S.C. § 1441(a).

19             14.    Because Plaintiff and many putative class members are citizens

20  of States other than California and Delaware, while Belkin is a citizen of California

21  and Delaware, at least one class member and one defendant are diverse from one

22  another.

23                **THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

24             15.    Plaintiff alleges that, on March 14, 2009, she purchased from a

25  Target store a Belkin FM transmitter, known as a "Tunecast Universal." Complaint

26  ¶ 29. She further alleges that as a result of viewing representations on the product

27  packaging, she believed that the product was "fit for its intended purposed and/or

28  enabled users to listen to MP3 audio content over car stereos." *Id.* Plaintiff claims

- 4 -

1   that, despite these alleged representations, she was unable to listen to audio content

2   from her iPod MP3 player over her car stereo because the sound quality was so

3   poor. *Id.* ¶ 31.

4           16.    Plaintiff alleges that Belkin made "uniform, material

5   misrepresentations and omissions" to all class members "in the marketing and sale

6   of FM transmitters." *Id.* ¶ 42.  On behalf of this putative class, Plaintiff has

7   asserted claims for: (1) unfair, deceptive and unlawful business practices in

8   violation of California Business & Professions Code Section 17200 *et seq.*; and (2)

9   unjust enrichment.

10           17.    In her Complaint, Plaintiff seeks relief in the form of restitution,

11   disgorgement of revenues and profits, injunctive relief and attorneys' fees. *Id.*

12   Prayer for Relief ¶¶ C-F.  Plaintiff does not allege the appropriate measure of relief.

13   However, records reflect that, in her individual case, she paid $29.99 for her Belkin

14   "Tunecast Universal" product at a Target store.  Declaration of Chris Flower in

15   Support of Notice of Removal ("Flower Decl.") ¶ 2.

16           18.    The claims of individual purported class members in a class

17   action are aggregated to determine if the amount in controversy exceeds the sum or

18   value of $5,000,000. *See* 28 U.S.C. 1332(d)(6).

19           19.    Under this standard, Plaintiff's claims appear to easily meet the

20   jurisdictional threshold.  As discussed above (*see supra* ¶ 9), approximately

21   633,660 "Tunecast Universal" products were sold by Belkin to third-party retailers

22   nationwide, and not returned. *See* Iacono Decl. ¶¶ 2, 3.  Assuming putative class

23   members paid an average amount of $29.99 for their "Tunecast Universal"

24   products, as was the case with respect to Plaintiff's purchase, the amount of

25   monetary relief sought in the Complaint amounts to over $19,000,000—well in

26   excess of the $5,000,000 jurisdictional threshold.

27           20.    Further, this amount does not factor in the cost of compliance

28   with an injunction, which is appropriately considered in determining the amount in

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441

1   controversy. *See* Complaint, Prayer for Relief ¶ C (requesting injunctive relief);

2   *Tompkins v. Basic Research, LLC*, No. CIV. S-08-244 LKK/DAD, 2008 WL

3   1808316 at *4 (E.D. Cal., Apr. 22, 2008) (noting amount in controversy to be

4   considered also includes either the defendant's cost of compliance with an

5   injunction or the plaintiff's benefit from the injunction).

6         21.   Therefore, this Court has diversity jurisdiction over this class

7   action pursuant to 28 U.S.C. § 1332 because (1) one or more plaintiffs is a citizen

8   of a different State than Belkin, (2) Plaintiff's class action purports to be brought on

9   behalf of a class of over 100 members, and (3) the matter in controversy exceeds (in

10   the aggregate) the sum or value of $5,000,000, exclusive of interest and costs.

11

12                             **CONCLUSION**

13         22.   For all of the foregoing reasons, removal of this action to this

14   Court is proper pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446(b).

15         23.   Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and

16   papers filed in this action are attached hereto as Exhibit B.

17

18   Dated:  August 12, 2009

19                             BRIAN S. CURREY

20                             MOLLY J. MAGNUSON
                          O'MELVENY & MYERS LLP

21

22                             By:

23                               Molly J. Magnuson
                          Attorneys for Defendant

24                             BELKIN INTERNATIONAL, INC.

25

26

27

28

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441

**Exhibit A**

1 David C. Parisi, Esq. (162248)
Suzanne Havens Beckman, Esq. (188814)
2 PARISI & HAVENS LLP
15233 Valleyheart Drive
3 Sherman Oaks, California 91403
(818) 990-1299 (phone)
4 (818) 501-7852 (facsimile)
deparisi@parisihavens.com
5 shavens@parisihavens.com

6
Mark Bulgarelli (pro hac vice pending)
7 PROGRESSIVE LAW GROUP LLC
222 W. Ontario Suite 310
8 Chicago, IL 60610
(312) 787-2717 (tel)
9 (312) 643-5894 (fax)
markb@progressivelaw.com
10

11 Attorneys for plaintiff Ayelet Harpaz, individually
and on behalf of the general public and all others
12 similarly situated

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        FOR THE COUNTY OF LOS ANGELES

15

16 AYELET HARPAZ, individually and on        ) CASE NO.:
behalf of the general public and all others  )
17 similarly situated,                        ) **CLASS ACTION COMPLAINT FOR:**
                                              )
18                  Plaintiff,                ) (1) Violation of California Business and
                                              )     Professions Code section 17200, *et seq*;
19  v.                                        )     and
                                              ) (2) Unjust Enrichment.
20 BELKIN INTERNATIONAL, INC.; and            )
DOES 1-100, inclusive,                        ) **JURY TRIAL DEMANDED**
21                                            )
                                              )
22                  Defendants.               )
                                              )
23 _____    )

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 2   2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

BC 41 5 ° 4 7

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
818 990-1299

1    Plaintiff Ayelet Harpaz, individually and on behalf of all others similarly situated,

2    upon personal knowledge and information and belief, and following investigation by

3    counsel, alleges the following against Defendant, Belkin International, Inc.:

4                              **NATURE OF THE ACTION**

5    1.    Plaintiff brings this class action on behalf of herself and all persons similarly

6    situated who purchased a BELKIN FM transmitter ("FM transmitter" or "FM transmitters"

7    hereinafter), which is a portable electronic product that broadcasts audio content from a

8    portable audio device, such as an "iPod" or other MP3 music player, over a car stereo

9    through an FM frequency.  By connecting a portable music player to a car stereo, the FM

10   transmitter enables persons    at least theoretically    to comfortably enjoy their home picked

11   music, books on tape, and other audio content while driving.

12   2.    Defendant markets, advertises and sells FM transmitters throughout the United

13   States through its website and numerous third-party retailers.   FM transmitters are

14   manufactured in China.

15   3.    FM transmitters purchased by Plaintiff and other consumers are unfit for the

16   very purpose for which these products are intended and marketed and or do not perform as

17   represented by Defendant, yet Defendant fails to disclose same to consumers and instead

18   continues to profit handsomely from the sale of its FM transmitters.

19   4.    Plaintiff thus seeks relief for herself and other consumers who purchased an

20   FM transmitter, asserting claims for violations of the California Business and Professions

21   Code §§ 17200 *et seq.* and unjust enrichment.

22                        **JURISDICTION, VENUE AND PARTIES**

23   5.    The Court has jurisdiction over this action under C.C.P. § 410.10 because

24   Defendant's principal place of business is in California.

25   6.    Venue is proper in the County of Los Angeles because Defendant's principal

26   place of business is located in this County.

27   7.    Venue is also proper in this County under Cal. Civ. Code § 1780 because

28   Defendant conducts business in this County, and a substantial number of FM transmitters

1  were marketed and sold in this County. The total amount in controversy in this case exceeds

2  $25,000.

3         8.    Plaintiff, Ayelet Harpaz (hereinafter "Plaintiff"), purchased an FM transmitter,

4  which Defendant designed, manufactured, marketed, distributed, labeled, promoted and or

5  sold.

6         9.    Defendant is incorporated under the laws of Delaware and its principal place

7  of business at 501 W. Walnut St., Compton, California 90220. Defendant perpetrated the

8  conduct herein alleged directly and or through its agents, and from its home office in

9  Compton, California, caused the FM transmitters at issue to be designed, made, distributed,

10  marketed and or sold to consumers throughout the United States.

11       10.    Plaintiff is currently ignorant of the true names and capacities, whether

12  individual, corporate, associate, or otherwise, of the defendants sued herein under the

13  fictitious names Does 1 through 100, inclusive, and therefore, sues such defendants by such

14  fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names

15  and capacities of said fictitiously named defendants when their true names and capacities

16  have been ascertained. Plaintiff is informed and believes and based thereon alleges that

17  each of the fictitiously named Doe defendants is legally responsible in some manner for the

18  events and occurrences alleged herein, and for the damages suffered by plaintiff.

19       11.    Plaintiff is informed and believes and based thereon alleges that all

20  defendants, including the fictitious Doe defendants, were at all relevant times acting as

21  actual agents, conspirators, ostensible agents, partners and or joint venturers and employees

22  of all other defendants, and that all acts alleged herein occurred within the course and scope

23  of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and

24  with the express and or implied permission, knowledge, consent, authorization and

25  ratification of their co-defendants; however, each of these allegations are deemed alternative

26  theories whenever not doing so would result in a contraction with the other allegations.

27       12.    All defendants, including Does 1 through 100, are collectively referred to as

28  "Defendant."

13.    By causing false and misleading information about its FM transmitters to be distributed to consumers, by headquartering its offices including for product repair, complaints, and technical support in this State and County, by scheming to profit economically from the sale of FM transmitters that do not perform their essential purpose or as represented, and by not publicly disclosing its conduct — all of which on information and belief occurred at least in substantial part from its home offices in California — Defendant purposefully availed itself to the benefits of the State of California.

## FACTUAL ALLEGATIONS

14.    Defendant is responsible for the manufacture, distribution, marketing and/or sale of its FM transmitters. Defendant sells FM transmitters to consumers throughout the United States, including in California, through a website and major third party retailers.

15.    Defendant represents that FM transmitters are fit for their intended purpose. The stated purpose, and indeed the only purpose, of FM transmitters is to enable users to listen to audio content stored on portable audio devices, such as MP3 players, over their car stereos.

16.    Specifically, Defendant states on its website that FM transmitters "deliver[] best-in-class audio," "cut[] through the static with ClearScan," and "deliver[] crisp, clean audio performance in your car."

17.    On the product packaging which appears on the shelf in store aisles and invites consumers including Plaintiff to purchase such products, Defendant represents, for example, that FM transmitters "tune[] into any FM frequency on your car stereo, allowing you to wirelessly play your MP3s through your car speakers" and enables users to "listen to any MP3 player in your car." The packaging additionally represents in large print that a purchase will enable consumers, very simply, to "DRIVE", "TUNE", and "LISTEN", falsely implying the product broadcasts audio content that users can easily listen to and enjoy while driving.

18.    The product packaging further represents and guarantees, "Works with all MP3 players," and "Works with all iPod models."

19.   The above-described marketing representations on the product packaging are clear and conspicuous and, therefore, are virtually unavoidable to purchasers of the product, if not easy to perceive.

20.   In reality, FM transmitters are useless and or dangerous to consumers like Plaintiff and the public. FM transmitters do not enable users to listen to MP3 audio content in their cars because of the poor sound quality broadcast through the device. Plaintiff and other consumers were unable to play, effectively or at all, audio content from their portable audio players which these devices connected to their vehicle stereos.  Moreover, to obtain better sound quality, users may be forced to continuously change the FM radio station over which the sound is broadcast and/or change the positioning of the device itself; because FM transmitters are used in car stereos, these actions are often taken while driving and, therefore, are dangerous to users and the public.

21.   FM transmitters were thus unfit for the very purpose for which they are sold at the time the products left the control of Defendant, and Plaintiff and other consumers could not have reasonably discovered such facts at the time they purchased the FM transmitters.

22.   Yet Defendant failed to disclose this critical information to Plaintiff and other consumers at the time of purchase.  Nor did the packaging of the FM transmitter purchased by Plaintiff contain any indicia that the product was not fit for its intended purpose and/or did not perform as represented by Defendant.

23.   The purpose of FM transmitters is to enable users to enjoy MP3 audio content over their car stereos  Thus, the ability to broadcast MP3 audio content over car stereos is a material, and obviously the most critical factor in consumers' purchasing decisions. Consumers would not purchase an FM transmitter that does not broadcast a satisfactory quality of sound.

24.   Defendant at relevant times knew that the ability to broadcast MP3 audio content over car stereos is a material factor in consumers' purchasing decisions.

25.   In fact, the ability to broadcast sound that enables users to listen to MP3 audio content over car stereos is a chief attribute Defendant communicates to consumers about FM

transmitters. As described above, Defendant's representations on its website and the product packaging describe FM transmitters' ability to broadcast audio content that enables users to listen to MP3 audio content over car stereos.

26. Rather than repairing or recalling the problems and functional deficiencies inherent in its FM transmitters, Defendant has doggedly promoted and sold its FM transmitters without properly informing consumers that the products are not fit for their intended purpose and/or do not perform as represented (see, e.g., ¶¶ 16-18 above).

27. Indeed, Defendant, at all relevant times including when Plaintiff bought her FM transmitter at retail and prior thereto, knew and/or should have known that FM transmitters do not perform as represented. FM transmitters have been the subject of numerous complaints, unfavorable reviews and/or requests for refunds – yet Defendant concealed the aforementioned problems and complaints and instead continued to quietly peddle its product to Plaintiff and other consumers.

28. Because of Defendant's acts and omissions, Plaintiff and other similarly situated consumers have suffered damages, including without limitation the cost of the FM transmitters.

**Additional Allegations as to Plaintiff**

29. Plaintiff purchased an FM transmitter known as a "Tunecast Universal" from a Target store, a third-party retailer, on March 14, 2009, after viewing the representations on the product packaging. Plaintiff believed Defendant's representations on the product packaging that the product was fit for its intended purpose and/or enabled users to listen to MP3 audio content over car stereos.

30. Plaintiff had no reason to distrust Defendant's representations or assume Defendant omitted material information about the product. Plaintiff would not have purchased an FM transmitter had she known of the product failures and its inability to perform its essential function.

31. After purchasing an FM transmitter, Plaintiff attempted to use the product in accordance with the instructions for use. Plaintiff was unable to listen to audio content from

1   her iPod MP3 player over her car stereo because the sound quality was so poor. The sound

2   contained so much static and or lack of clarity that the music was indiscernible and or could

3   not be heard or enjoyed.

4   **Scores of Consumers Have Been Harmed**

5       32.   Like Plaintiff, other members of the Class (defined below) purchased an FM

6   transmitter that was not fit for its intended purpose and or did not perform as represented by

7   Defendant.

8       33.   Plaintiff and many other consumers have experienced numerous problems

9   and or failures with FM transmitters (i.e., pertaining to sound quality and or ability to

10   adequately play audio content).

11       34.   The aforementioned failures of FM transmitters revealed Defendant's

12   statements, omissions and conduct related to FM transmitters to be fraudulent, deceptive,

13   unfair, and unlawful.

14       35.   Through the actions described above, Defendant has damaged consumers,

15   including Plaintiff and the Class, to an extent to be determined at trial, and has caused them

16   actual injury and loss of money and property.

17                             **CLASS ACTION ALLEGATIONS**

18       36.   Plaintiff seeks to certify this action as a class action pursuant to Cal. Code of

19   Civ. Proc. § 382 and Cal. Civ. Code § 1781 and or as a representative action against

20   Defendant under Cal. Bus. & Prof. Code §§ 17203, 17204, on behalf of herself and all

21   others similarly situated (the "Class"), initially defined as all persons and entities who

22   purchased an FM transmitter.

23       37.   The Class is so numerous that joinder of all members is impracticable.

24       38.   Plaintiff does not anticipate any difficulties in the management of this action

25   as a class action. The Class is ascertainable and a well-defined community of interest in

26   questions of law and or fact exists, since the rights of each Class member were infringed or

27   violated based upon Defendant's systematic conduct equally applicable to the Class. Notice

28

1   can be provided through records and publication, the cost of which is properly imposed

2   upon Defendant.

3        39.   Common questions of law and or fact exist as to all members of the Class, and

4   predominate over questions affecting only individual members of the Class, including, for

5   example, as follows:

6          a.   Are FM transmitters fit for their intended purpose?

7          b.   Do FM transmitters fail to perform as represented by Defendant?

8          c.   Did Defendant misrepresent to purchasers the qualities and or the

9            performance of FM transmitters?

10         d.   Did Defendant fail to disclose to purchasers material facts with respect

11           to FM transmitters?

12         e.   Did Defendant conceal material facts pertaining to the FM transmitters

13           at the time of purchase?

14         f.   Were purchasers damaged by Defendant's concealments, omissions,

15           and or misrepresentations?

16         g.   Was Defendant unjustly enriched by the sale of its FM transmitters

17           to Plaintiff and the Class?

18       40.   Plaintiff is a member of the Class who will fairly and adequately represent the

19  Class members' interests.  Plaintiff seeks relief consistent with, and not antagonistic to the

20  relief to be sought by the putative Class and is represented by attorneys experienced in class

21  action and complex litigation, including consumer litigation.

22       41.   The injuries sustained by Plaintiff and the Class flow, in each instance, from a

23  common nucleus of operative facts — Defendant's misconduct.  Defendant wrongfully and

24  unfairly misled the public and its customers by selling FM transmitters that were not fit for

25  their intended purpose and or did not perform as represented by Defendant.

26       42.   Plaintiff's claims are typical of the claims of the Class members.   The

27  Defendant's uniform, material misrepresentations and omissions and use of unfair and

28  deceptive business practices carried out in the marketing and sale of FM transmitters apply

1  equally to Plaintiff and all Class members. Moreover, defenses, if any, that may be asserted

2  against Plaintiff's claims are typical of defenses, if any, that may be asserted against the

3  Class members' claims.

4     43. The conduct of this action as a class action presents management efficiencies,

5  conserves the resources of the parties and the Court, protects the rights of each Class

6  member and maximizes recovery to them.

7     44. Defendant has acted on grounds generally applicable to the entire Class,

8  thereby making final injunctive relief or corresponding declaratory relief appropriate with

9  respect to the Class as a whole.  Notice of pendency of any resolution of this action can be

10  provided to the Class members by individual mailed notice or best notice practicable under

11  the circumstances.

12  <center>**FIRST CAUSE OF ACTION**</center>

13  <center>**(By all Class Members Against All Defendants)**</center>

14  <center>**Violations of California Business and Professions Code §§ 17200 *et seq.***</center>

15     45. Plaintiff repeats and realleges each and every allegation above as if fully set

16  forth herein.

17     46. The Unfair Competition Law ("UCL"), Business & Professions Code §§

18  17200 *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or

19  fraudulent business act or practice," any "unfair, deceptive, untrue or misleading

20  advertising" and any act prohibited by Business & Professions Code § 17500.

21     47. Defendant has violated these prohibitions and has engaged in unfair, unlawful

22  and fraudulent business practices and in misleading and deceptive advertising in violation of

23  California Business & Professions Code §§ 17200 *et seq.* as set forth above.

24     48. Specifically, Defendant's business practice is unlawful because, by causing

25  FM transmitters to be marketed and sold to Plaintiff and the Class, and by misrepresenting,

26  failing to disclose and/or concealing the aforementioned FM transmitter problems and

27  deficiencies, it has violated applicable law.  See, e.g., Cal. Civ. Code §§ 1709, 1710, 1711;

28

1 | Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; Cal. Civ. Code §§ 1572,

2 | 1573, 1709, 1710, 1711.

3 |    49. By engaging in the above described acts and practices, Defendant has

4 | committed unfair business practices within the meaning of Bus. & Prof. Code § 17200, *et*

5 | *seq.* By causing the FM transmitters to be marketed and sold to Plaintiff and the Class,

6 | Defendant engaged in unfair conduct, which caused and continues to cause substantial

7 | injury to Plaintiff and the Class. Defendant's conduct is also "unfair" in that it is unethical,

8 | oppressive, against public policy, and in violation of the stated laws.

9 |    50. The gravity of Defendant's alleged wrongful conduct outweighs any purported

10 | benefits attributable to such conduct. Defendant had reasonably available alternatives to

11 | further its business interests, other than voluntarily placing its above-described FM

12 | transmitters into the stream of commerce and with no warnings about the above-described

13 | product failures. By contrast, because Plaintiff and the Class were unaware and uninformed

14 | of the above-described product failures, they could make no meaningful choice to avoid

15 | purchasing the product at retail.

16 |    51. Defendant also engaged in unfair competition in violation of the California

17 | Business & Professions Code's prohibition against "unfair, deceptive, untrue or misleading

18 | advertising" and or any act prohibited by Business & Professions Code § 17500, by

19 | engaging in the unfair, deceptive, untrue and misleading advertising described above.

20 | Specifically, Defendant represented to Plaintiff and the Class, at the time of purchase, that

21 | FM transmitters have certain characteristics, uses, benefits, standards and or qualities that

22 | FM transmitters do not have, failed to disclose the above-described FM transmitter

23 | problems to Plaintiff and the Class at the time of purchase, and engaged in such conduct

24 | which is likely to deceive Plaintiff and the Class. *See, e.g.*, (see, e.g., ¶¶ 13-15 above).

25 |    52. Defendant committed fraudulent business practices by engaging in conduct

26 | that was and is likely to deceive customers acting reasonably under the circumstances.

27 | Defendant's fraudulent practices include, without limitation, failing to disclose or

28 | concealing from Plaintiff and from the Class at the time of sale, on the product packaging or

PARISI & HAVENS

1   otherwise, that FM transmitters were unfit for their intended purpose and fail to perform as

2   represented by Defendant.

3       53.   Had Plaintiff and the Class known of Defendant's aforementioned practice,

4   omissions and or concealments, they would have acted differently, e.g. they would not have

5   purchased the FM transmitters.

6       54.   Plaintiff and the Class have suffered injury in fact and have lost money or

7   property as a result of Defendant's above-described acts and omissions.

8   <div align="center">**SECOND CAUSE OF ACTION**</div>

9   <div align="center">**(By all Class Members Against All Defendants)**</div>

10   <div align="center">**Unjust Enrichment**</div>

11       55.   Plaintiff repeats and realleges each and every allegation contained above as if

12   fully set forth herein.

13       56.   Defendant designed, manufactured, produced, marketed and or sold FM

14   transmitters that did were not fit for their ordinary purpose and failed to perform as

15   represented by Defendant.

16       57.   Plaintiff and the Class conferred upon Defendant economic benefits in the

17   form of revenues and profits from the sale of FM transmitters. Defendant accepted or

18   retained these benefits with full knowledge and awareness that Plaintiff and the Class had

19   not received products of the highest quality, nature, fitness or value as represented by

20   Defendant.

21       58.   Allowing Defendant to retain the benefits conferred by Plaintiff and the Class

22   under these circumstances is unjust and inequitable.

23   <div align="center">**PRAYER FOR RELIEF**</div>

24   WHEREFORE, Plaintiff, individually and on behalf of the Class, prays that the Court

25   enter judgment against Defendant, as follows:

26       A.   Certifying the Class defined above, designating Plaintiff as class

27   representative and her counsel as class counsel;

28

PARISI & HAVENS LLP

1    B.    Finding that Defendant has violated the statutes and common law as set forth
2    above;

3    C.    Awarding declaratory, equitable and injunctive relief, including enjoining
4    Defendant from continuing its above described unlawful practices;

5    D.    Awarding to Plaintiff and the Class damages, restitution, restitutionary
6    disgorgement, disgorgement of revenues and profits from the sale of FM transmitters, and
7    interest thereon;

8    E.    Establishing a constructive trust until further order of the Court consisting of
9    monies Defendant recouped from its sale of FM transmitters;

10   F.    Awarding attorneys fees and costs;

11   G.    All other relief the Court deems appropriate.

12   DATED: July 2, 2009                    PARISI & HAVENS LLP

13                                          PROGRESSIVE LAW GROUP LLC

14

15

16                                          By
17                                          David C. Parisi
                                            Attorneys for plaintiff Ayelet Harpaz,
18                                          individually and on behalf of the general
                                            public and all others similarly situated

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Plaintiff and the class members hereby demand a trial by jury of all claims and causes of action in this lawsuit.

DATED: July 2, 2009

PARISI & HAVENS LLP

PROGRESSIVE LAW GROUP LLC

By:
David C. Parisi
Attorneys for plaintiff Ayelet Harpaz,
individually and on behalf of the general
public and all others similarly situated

**Exhibit B**

NOTICE SENT TO:

Bulgarelli, Mark
Progressive Law Group LLC
222 W. Ontario Ste. 310
Chicago          IL   60610

FILED
LOS ANGELES SUPERIOR COURT
FILE STAMP

JUL 2 2 2009

JOHN A. CLARKE, CLERK

BY VERONICA SOLIS, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| AYELET HARPAZ | Plaintiff(s), | BC417047 |
| VS. | | |
| BLEKIN INTERNAITONAL INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _November 19, 2009_ at _8:45 am_ in _Dept. 28_ at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: _July 22, 2009_

Judicial Officer
YVETTE M. PALAZUELOS

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _July 22, 2009_

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

●                                    ●

**FILED**
FILE STAMP
LOS ANGELES SUPERIOR COURT

NOTICE SENT TO:

Parisi, David C., Esq.
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks        CA    91403

JUL 2 2 2009

JOHN A. CLARKE, CLERK

BY VERONICA SOLIS, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

|  |  | CASE NUMBER |
|---|---|---|
| AYELET HARPAZ | Plaintiff(s), | BC417047 |
| VS. |  |  |
| BLEKIN INTERNAITONAL INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  November 19, 2009  at  8:45 am  in  Dept. 28  at 111 N. Hill Street, Los Angeles, California  90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.  You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  July 22, 2009

_____
Judicial Officer

YVETTE M. PALAZUELOS

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  July 22, 2009

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1 | David C. Parisi, Esq. (162248)
2 | Suzanne Havens Beckman, Esq. (188814)
PARISI & HAVENS LLP
3 | 15233 Valleyheart Drive
Sherman Oaks, California 91403
4 | (818) 990-1299 (phone)
(818) 501-7852 (facsimile)
5 | dcparisi@parisihavens.com
shavens@parisihavens.com
6 |
Mark Bulgarelli (pro hac vice pending)
7 | PROGRESSIVE LAW GROUP LLC
222 W. Ontario Suite 310
8 | Chicago, IL 60610
(312) 787-2717 (tel)
9 | (312) 643-5894 (fax)
markb@progressivelaw.com
10 |

**FILED**
Los Angeles Superior Court

AUG 04 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**REC'D**

AUG 4 - 2009

**FILING WINDOW**

11 | Attorneys for plaintiff Ayelet Harpaz, individually
12 | and on behalf of the general public and all others
similarly situated
13 |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

14 |

## FOR THE COUNTY OF LOS ANGELES

15 |

16 | AYELET HARPAZ, individually and on        ) CASE NO.:  BC417047
behalf of the general public and all others   )
17 | similarly situated,                        ) **NOTICE OF CASE MANAGEMENT**
                                               ) **CONFERENCE**
18 |               Plaintiff,                   )
                                               )
19 | v.                                         )
                                               ) **Date:   November 19, 2009**
20 | BELKIN INTERNATIONAL, INC.; and            ) **Time:   8:45 a.m.**
DOES 1-100, inclusive,                         ) **Dept.:  28**
21 |                                            )
                                               )
22 |               Defendants,                  ) **Judge:   Hon. Yvette M. Palazuelos**
                                               )
23 | _____  )
24 |
25 |
26 |
27 |
28 |

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2

3

PLEASE TAKE NOTICE THAT the trial court, the Hon. Yvette M. Palazuelos, has

scheduled a Case Management Conference for November 19, 2009 at 8:45 a.m. in

4

department 28 of the above entitled court.   The Court's order is attached hereto as Exhibit

5

1.

6

7

DATED: July 31, 2009                    PARISI & HAVENS LLP

8

PROGRESSIVE LAW GROUP LLC

9

10

By:

11

David C. Parisi

Attorneys for plaintiff Ayelet Harpaz,

12

individually and on behalf of the general

public and all others similarly situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# Exhibit 1

**ORIGINAL FILED**

NOTICE SENT TO:

Parisi, David C., Esq.
Parisi & Havens LLP
15233 Valleyheart Drive
Sherman Oaks     CA    91403

FILE STAMP
JUL 2 2 2009

**LOS ANGELES
SUPERIOR COURT**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| AYELET HARPAZ | Plaintiff(s), | BC417047 |
| VS. | | |
| BLEKIN INTERNAITONAL INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

### TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>November 19, 2009</u> at <u>8:45 am</u> in <u>Dept. 28</u> at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to California Rules of Court, 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>July 22, 2009</u>

_____
Judicial Officer
YVETTE M. PALAZUELOS

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: <u>July 22, 2009</u>

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 01/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

EX.1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15233 Valleyheart Drive, Sherman Oaks, California 91403.

On July 31, 2009, I served the foregoing document described as:

**NOTICE OF CASE MANAGEMENT CONFERENCE**

On interested parties in this action by placing ( ) the original (x) a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Brian Currey, Esq.<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, California 90071 | Counsel for Belkin International, Inc. |
| Mark Bulgarelli, Esq.<br>PROGRESSIVE LAW GROUP LLC<br>222 W. Ontario Suite 310<br>Chicago, IL 60610 | Co-Counsel for Plaintiff |

[x]   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondences for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 31, 2009, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

David C. Parisi

1  David C. Parisi, Esq. (162248)
   Suzanne Havens Beckman, Esq. (188814)
2  PARISI & HAVENS LLP
   15233 Valleyheart Drive
3  Sherman Oaks, California  91403
   (818) 990-1299 (phone)
4  (818) 501-7852 (facsimile)
   dcparisi@parisihavens.com
5  shavens@parisihavens.com
6
   Mark Bulgarelli (pro hac vice pending)
7  PROGRESSIVE LAW GROUP LLC
   222 W. Ontario Suite 310
8  Chicago, IL 60610
   (312) 787-2717 (tel)
9  (312) 643-5894 (fax)
   markb@progressivelaw.com
10

**FILED**
LOS ANGELES SUPERIOR COUR.

JUL 23 2009

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

11
   Attorneys for plaintiff Ayelet Harpaz, individually
12 and on behalf of the general public and all others
   similarly situated
13
              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
14
                  **FOR THE COUNTY OF LOS ANGELES**
15
16 AYELET HARPAZ, individually and on     )  CASE NO.:  BC417047
   behalf of the general public and all others )
17 similarly situated,                     )  **NOTICE OF REASSIGNMENT**
                                           )
18              Plaintiff,                  )
                                           )
19 v.                                       )
                                           )
20 BELKIN INTERNATIONAL, INC.; and         )
21 DOES 1-100, inclusive,                  )  **Dept.:   28**
                                           )  **Judge:   Hon. Yvette M. Palazuelos**
22              Defendants,                 )
                                           )
23
24
25
26
27
28

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks CA 91403
(818) 990-1299

JUN 23 2009

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT the trial court, the Hon. Carl J. West presiding,

3  entered the attached minute order (1) deeming this case non-complex and (2) reassigning

4  this action to the Hon. Yvette M. Palazuelos in department 28 of the above entitled court.

5

6  DATED: July 22, 2009                    PARISI & HAVENS LLP

7                                           PROGRESSIVE LAW GROUP LLC

8

9                                           By:

10                                          David C. Parisi
                                            Attorneys for plaintiff Ayelet Harpaz,
11                                          individually and on behalf of the general
                                            public and all others similarly situated
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/16/09                                                    **DEPT.** 311

HONORABLE CARL J. WEST          JUDGE   R. RULLY          DEPUTY CLERK

HONORABLE                       JUDGE PRO TEM          ELECTRONIC RECORDING MONITO

        NONE           Deputy Sheriff   NONE                      Reporter

| | | |
|---|---|---|
| 8:30 am | BC417047 | Plaintiff Counsel |
| | AYELET HARPAZ | NO APPEARANCES |
| | VS | |
| | BLEKIN INTERNAITONAL INC | Defendant Counsel |
| | NON-COMPLEX (07-16-09) | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Yvette M. Palazuelos in Department 28 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 28 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 311 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 311 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.

                CLERK'S CERTIFICATE OF MAILING/
                  NOTICE OF ENTRY OF ORDER


                Page   1 of  2   DEPT. 311        **MINUTES ENTERED**
                                                  07/16/09
                                                  **COUNTY CLERK**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/16/09                                                      DEPT. 311

HONORABLE CARL J. WEST          JUDGE   R. RULLY          DEPUTY CLERK

HONORABLE                    JUDGE PRO TEM          ELECTRONIC RECORDING MONITO

        NONE            Deputy Sheriff   NONE                Reporter

| 8:30 am | BC417047 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | AYELET HARPAZ VS BLEKIN INTERNAITONAL INC | Defendant Counsel | |
| | NON-COMPLEX (07-16-09) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-17-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-17-09

John A. Clarke, Executive Officer/Clerk


By:        KIN HILAIRE
                K. HILAIRE


PARISI & HAVENS, LLP
David C. Parisi, Esq.
15233 Valleyheart Drive
Sherman Oaks, California  91403


                Page   2 of  2   DEPT. 311

**MINUTES ENTERED**
07/16/09
**COUNTY CLERK**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15233 Valleyheart Drive, Sherman Oaks, California 91403.

On July 22, 2009, I served the foregoing document described as:

**NOTICE OF REASSIGNMENT**

On interested parties in this action by placing ( ) the original (x) a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Brian Currey, Esq.<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, California 90071 | Counsel for Belkin International, Inc. |
| Mark Bulgarelli<br>PROGRESSIVE LAW GROUP LLC<br>222 W. Ontario Suite 310<br>Chicago, IL 60610 | Co-Counsel for Plaintiff |

[x]    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondences for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 22, 2009, at Sherman Oaks, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Paul D. Ostroski

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 2 2009

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

1  David C. Parisi, Esq. (162248)
   Suzanne Havens Beckman, Esq. (188814)
2  PARISI & HAVENS LLP
   15233 Valleyheart Drive
3  Sherman Oaks, California 91403
   (818) 990-1299 (phone)
4  (818) 501-7852 (facsimile)
   dcparisi@parisihavens.com
5  shavens@parisihavens.com

6  Mark Bulgarelli (pro hac vice pending)
7  PROGRESSIVE LAW GROUP LLC
   222 W. Ontario Suite 310
8  Chicago, IL 60610
   (312) 787-2717 (tel)
9  (312) 643-5894 (fax)
   markb@progressivelaw.com
10

11  Attorneys for plaintiff Ayelet Harpaz, individually
12  and on behalf of the general public and all others
    similarly situated
13

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                  **FOR THE COUNTY OF LOS ANGELES**

16  AYELET HARPAZ, individually and on      )  CASE NO.:    BC 417047
    behalf of the general public and all others )
17  similarly situated,                        )  **CLASS ACTION COMPLAINT FOR:**
                                               )
18              Plaintiff,                     )  (1) Violation of California Business and
                                               )      Professions Code section 17200, *et seq*;
19  v.                                         )      and
                                               )  (2) Unjust Enrichment.
20  BELKIN INTERNATIONAL, INC.; and           )
21  DOES 1-100, inclusive,                    )  **JURY TRIAL DEMANDED**
                                               )
22              Defendants,                    )
                                               )
23  _____ )

24

25

26

27

28

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

Plaintiff Ayelet Harpaz, individually and on behalf of all others similarly situated, upon personal knowledge and information and belief, and following investigation by counsel, alleges the following against Defendant, Belkin International, Inc.:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action on behalf of herself and all persons similarly situated who purchased a BELKIN FM transmitter ("FM transmitter" or "FM transmitters" hereinafter), which is a portable electronic product that broadcasts audio content from a portable audio device, such as an "iPod" or other MP3 music player, over a car stereo through an FM frequency. By connecting a portable music player to a car stereo, the FM transmitter enables persons – at least theoretically – to comfortably enjoy their home picked music, books on tape, and other audio content while driving.

2.     Defendant markets, advertises and sells FM transmitters throughout the United States through its website and numerous third-party retailers.  FM transmitters are manufactured in China.

3.     FM transmitters purchased by Plaintiff and other consumers are unfit for the very purpose for which these products are intended and marketed and/or do not perform as represented by Defendant, yet Defendant fails to disclose same to consumers and instead continues to profit handsomely from the sale of its FM transmitters.

4.     Plaintiff thus seeks relief for herself and other consumers who purchased an FM transmitter, asserting claims for violations of the California Business and Professions Code §§ 17200 et seq. and unjust enrichment.

## JURISDICTION, VENUE AND PARTIES

5.     The Court has jurisdiction over this action under C.C.P. § 410.10 because Defendant's principal place of business is in California.

6.     Venue is proper in the County of Los Angeles because Defendant's principal place of business is located in this County.

7.     Venue is also proper in this County under Cal. Civ. Code § 1780 because Defendant conducts business in this County, and a substantial number of FM transmitters

1    were marketed and sold in this County. The total amount in controversy in this case exceeds

2    $25,000.

3         8.     Plaintiff, Ayelet Harpaz (hereinafter "Plaintiff"), purchased an FM transmitter,

4    which Defendant designed, manufactured, marketed, distributed, labeled, promoted and/or

5    sold.

6         9.     Defendant is incorporated under the laws of Delaware and its principal place

7    of business at 501 W. Walnut St., Compton, California 90220. Defendant perpetrated the

8    conduct herein alleged directly and/or through its agents, and from its home office in

9    Compton, California, caused the FM transmitters at issue to be designed, made, distributed,

10    marketed and/or sold to consumers throughout the United States.

11        10.     Plaintiff is currently ignorant of the true names and capacities, whether

12    individual, corporate, associate, or otherwise, of the defendants sued herein under the

13    fictitious names Does 1 through 100, inclusive, and therefore, sues such defendants by such

14    fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names

15    and capacities of said fictitiously named defendants when their true names and capacities

16    have been ascertained. Plaintiff is informed and believes and based thereon alleges that

17    each of the fictitiously named Doe defendants is legally responsible in some manner for the

18    events and occurrences alleged herein, and for the damages suffered by plaintiff.

19        11.     Plaintiff is informed and believes and based thereon alleges that all

20    defendants, including the fictitious Doe defendants, were at all relevant times acting as

21    actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees

22    of all other defendants, and that all acts alleged herein occurred within the course and scope

23    of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and

24    with the express and/or implied permission, knowledge, consent, authorization and

25    ratification of their co-defendants; however, each of these allegations are deemed alternative

26    theories whenever not doing so would result in a contraction with the other allegations.

27        12.     All defendants, including Does 1 through 100, are collectively referred to as

28    "Defendant."

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

1      13.     By causing false and misleading information about its FM transmitters to be

2   distributed to consumers, by headquartering its offices including for product repair,

3   complaints, and technical support in this State and County, by scheming to profit

4   economically from the sale of FM transmitters that do not perform their essential purpose or

5   as represented, and by not publicly disclosing its conduct – all of which on information and

6   belief occurred at least in substantial part from its home offices in California – Defendant

7   purposefully availed itself to the benefits of the State of California.

8                                 **FACTUAL ALLEGATIONS**

9      14.     Defendant is responsible for the manufacture, distribution, marketing and/or

10   sale of its FM transmitters.  Defendant sells FM transmitters to consumers throughout the

11   United States, including in California, through a website and major third party retailers.

12      15.     Defendant represents that FM transmitters are fit for their intended purpose.

13   The stated purpose, and indeed the only purpose, of FM transmitters is to enable users to

14   listen to audio content stored on portable audio devices, such as MP3 players, over their car

15   stereos.

16      16.     Specifically, Defendant states on its website that FM transmitters "deliver[]

17   best-in-class audio," "cut[] through the static with ClearScan," and "deliver[] crisp, clean

18   audio performance in your car."

19      17.     On the product packaging which appears on the shelf in store aisles and

20   invites consumers including Plaintiff to purchase such products, Defendant represents, for

21   example, that FM transmitters "tune[] into any FM frequency on your car stereo, allowing

22   you to wirelessly play your MP3s through your car speakers" and enables users to "listen to

23   any MP3 player in your car."  The packaging additionally represents in large print that a

24   purchase will enable consumers, very simply, to "DRIVE", "TUNE", and "LISTEN",

25   falsely implying the product broadcasts audio content that users can easily listen to and

26   enjoy while driving.

27      18.     The product packaging further represents and guarantees, "Works with all

28   MP3 players," and "Works with all iPod models."

19.     The above-described marketing representations on the product packaging are clear and conspicuous and, therefore, are virtually unavoidable to purchasers of the product, if not easy to perceive.

20.     In reality, FM transmitters are useless and/or dangerous to consumers like Plaintiff and the public.  FM transmitters do not enable users to listen to MP3 audio content in their cars because of the poor sound quality broadcast through the device, Plaintiff and other consumers were unable to play, effectively or at all, audio content from their portable audio players which these devices connected to their vehicle stereos.  Moreover, to obtain better sound quality, users may be forced to continuously change the FM radio station over which the sound is broadcast and/or change the positioning of the device itself; because FM transmitters are used in car stereos, these actions are often taken while driving and, therefore, are dangerous to users and the public.

21.     FM transmitters were thus unfit for the very purpose for which they are sold at the time the products left the control of Defendant, and Plaintiff and other consumers could not have reasonably discovered such facts at the time they purchased the FM transmitters.

22.     Yet Defendant failed to disclose this critical information to Plaintiff and other consumers at the time of purchase.  Nor did the packaging of the FM transmitter purchased by Plaintiff contain any indicia that the product was not fit for its intended purpose and/or did not perform as represented by Defendant.

23.     The purpose of FM transmitters is to enable users to enjoy MP3 audio content over their car stereos. Thus, the ability to broadcast MP3 audio content over car stereos is a material, and obviously the most critical factor in consumers' purchasing decisions. Consumers would not purchase an FM transmitter that does not broadcast a satisfactory quality of sound.

24.     Defendant at relevant times knew that the ability to broadcast MP3 audio content over car stereos is a material factor in consumers' purchasing decisions.

25.     In fact, the ability to broadcast sound that enables users to listen to MP3 audio content over car stereos is a chief attribute Defendant communicates to consumers about FM

transmitters. As described above, Defendant's representations on its website and the product packaging describe FM transmitters' ability to broadcast audio content that enables users to listen to MP3 audio content over car stereos.

26.     Rather than repairing or recalling the problems and functional deficiencies inherent in its FM transmitters, Defendant has doggedly promoted and sold its FM transmitters without properly informing consumers that the products are not fit for their intended purpose and/or do not perform as represented (*see, e.g.,* ¶¶ 16-18 above).

27.     Indeed, Defendant, at all relevant times including when Plaintiff bought her FM transmitter at retail and prior thereto, knew and/or should have known that FM transmitters do not perform as represented.  FM transmitters have been the subject of numerous complaints, unfavorable reviews and/or requests for refunds – yet Defendant concealed the aforementioned problems and complaints and instead continued to quietly peddle its product to Plaintiff and other consumers.

28.     Because of Defendant's acts and omissions, Plaintiff and other similarly situated consumers have suffered damages, including without limitation the cost of the FM transmitters.

**Additional Allegations as to Plaintiff**

29.     Plaintiff purchased an FM transmitter known as a "Tunecast Universal" from a Target store, a third-party retailer, on March 14, 2009, after viewing the representations on the product packaging.  Plaintiff believed Defendant's representations on the product packaging that the product was fit for its intended purpose and/or enabled users to listen to MP3 audio content over car stereos.

30.     Plaintiff had no reason to distrust Defendant's representations or assume Defendant omitted material information about the product.  Plaintiff would not have purchased an FM transmitter had she known of the product failures and its inability to perform its essential function.

31.     After purchasing an FM transmitter, Plaintiff attempted to use the product in accordance with the instructions for use.  Plaintiff was unable to listen to audio content from

1  her iPod MP3 player over her car stereo because the sound quality was so poor. The sound

2  contained so much static and/or lack of clarity that the music was indiscernible and/or could

3  not be heard or enjoyed.

4  **Scores of Consumers Have Been Harmed**

5  32.   Like Plaintiff, other members of the Class (defined below) purchased an FM

6  transmitter that was not fit for its intended purpose and/or did not perform as represented by

7  Defendant.

8  33.   Plaintiff and many other consumers have experienced numerous problems

9  and/or failures with FM transmitters (i.e., pertaining to sound quality and/or ability to

10  adequately play audio content).

11  34.   The aforementioned failures of FM transmitters revealed Defendant's

12  statements, omissions and conduct related to FM transmitters to be fraudulent, deceptive,

13  unfair, and unlawful.

14  35.   Through the actions described above, Defendant has damaged consumers,

15  including Plaintiff and the Class, to an extent to be determined at trial, and has caused them

16  actual injury and loss of money and property.

17  **CLASS ACTION ALLEGATIONS**

18  36.   Plaintiff seeks to certify this action as a class action pursuant to Cal. Code of

19  Civ. Proc. § 382 and Cal. Civ. Code § 1781 and/or as a representative action against

20  Defendant under Cal. Bus. & Prof. Code §§ 17203, 17204, on behalf of herself and all

21  others similarly situated (the "Class"), initially defined as all persons and entities who

22  purchased an FM transmitter.

23  37.   The Class is so numerous that joinder of all members is impracticable.

24  38.   Plaintiff does not anticipate any difficulties in the management of this action

25  as a class action. The Class is ascertainable and a well-defined community of interest in

26  questions of law and/or fact exists, since the rights of each Class member were infringed or

27  violated based upon Defendant's systematic conduct equally applicable to the Class. Notice

28

can be provided through records and publication, the cost of which is properly imposed upon Defendant.

39.     Common questions of law and/or fact exist as to all members of the Class, and predominate over questions affecting only individual members of the Class, including, for example, as follows:

a.      Are FM transmitters fit for their intended purpose?

b.      Do FM transmitters fail to perform as represented by Defendant?

c.      Did Defendant misrepresent to purchasers the qualities and/or the performance of FM transmitters?

d.      Did Defendant fail to disclose to purchasers material facts with respect to FM transmitters?

e.      Did Defendant conceal material facts pertaining to the FM transmitters at the time of purchase?

f.      Were purchasers damaged by Defendant's concealments, omissions, and/or misrepresentations?

g.      Was Defendant unjustly enriched by the sale of its FM transmitters to Plaintiff and the Class?

40.     Plaintiff is a member of the Class who will fairly and adequately represent the Class members' interests.  Plaintiff seeks relief consistent with, and not antagonistic to the relief to be sought by the putative Class and is represented by attorneys experienced in class action and complex litigation, including consumer litigation.

41.     The injuries sustained by Plaintiff and the Class flow, in each instance, from a common nucleus of operative facts – Defendant's misconduct.  Defendant wrongfully and unfairly misled the public and its customers by selling FM transmitters that were not fit for their intended purpose and/or did not perform as represented by Defendant.

42.     Plaintiff's claims are typical of the claims of the Class members.  The Defendant's uniform, material misrepresentations and omissions and use of unfair and deceptive business practices carried out in the marketing and sale of FM transmitters apply

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

1  equally to Plaintiff and all Class members.  Moreover, defenses, if any, that may be asserted

2  against Plaintiff's claims are typical of defenses, if any, that may be asserted against the

3  Class members' claims.

4       43.  The conduct of this action as a class action presents management efficiencies,

5  conserves the resources of the parties and the Court, protects the rights of each Class

6  member and maximizes recovery to them.

7       44.  Defendant has acted on grounds generally applicable to the entire Class,

8  thereby making final injunctive relief or corresponding declaratory relief appropriate with

9  respect to the Class as a whole.  Notice of pendency of any resolution of this action can be

10  provided to the Class members by individual mailed notice or best notice practicable under

11  the circumstances.

12  <div align="center">**FIRST CAUSE OF ACTION**</div>

13  <div align="center">**(By all Class Members Against All Defendants)**</div>

14  <div align="center">**Violations of California Business and Professions Code §§ 17200 et seq.**</div>

15       45.  Plaintiff repeats and realleges each and every allegation above as if fully set

16  forth herein.

17       46.  The Unfair Competition Law ("UCL"), Business & Professions Code §§

18  17200 et seq., prohibits acts of unfair competition, which includes any "unlawful, unfair or

19  fraudulent business act or practice," any "unfair, deceptive, untrue or misleading

20  advertising" and any act prohibited by Business & Professions Code § 17500.

21       47.  Defendant has violated these prohibitions and has engaged in unfair, unlawful

22  and fraudulent business practices and in misleading and deceptive advertising in violation of

23  California Business & Professions Code §§ 17200 et seq. as set forth above.

24       48.  Specifically, Defendant's business practice is unlawful because, by causing

25  FM transmitters to be marketed and sold to Plaintiff and the Class, and by misrepresenting,

26  failing to disclose and/or concealing the aforementioned FM transmitter problems and

27  deficiencies, it has violated applicable law.  See, e.g., Cal. Civ. Code §§ 1709, 1710, 1711;

28

<div align="center">Class Action Complaint</div>

PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
(818) 990-1299

1  Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; Cal. Civ. Code §§ 1572,

2  1573; 1709, 1710, 1711.

3     49.     By engaging in the above described acts and practices, Defendant has

4  committed unfair business practices within the meaning of Bus. & Prof. Code § 17200, *et*

5  *seq.*  By causing the FM transmitters to be marketed and sold to Plaintiff and the Class,

6  Defendant engaged in unfair conduct, which caused and continues to cause substantial

7  injury to Plaintiff and the Class. Defendant's conduct is also "unfair" in that it is unethical,

8  oppressive, against public policy, and in violation of the stated laws.

9     50.     The gravity of Defendant's alleged wrongful conduct outweighs any purported

10  benefits attributable to such conduct. Defendant had reasonably available alternatives to

11  further its business interests, other than voluntarily placing its above-described FM

12  transmitters into the stream of commerce and with no warnings about the above-described

13  product failures. By contrast, because Plaintiff and the Class were unaware and uninformed

14  of the above-described product failures, they could make no meaningful choice to avoid

15  purchasing the product at retail.

16     51.     Defendant also engaged in unfair competition in violation of the California

17  Business & Professions Code's prohibition against "unfair, deceptive, untrue or misleading

18  advertising" and/or any act prohibited by Business & Professions Code § 17500, by

19  engaging in the unfair, deceptive, untrue and misleading advertising described above.

20  Specifically, Defendant represented to Plaintiff and the Class, at the time of purchase, that

21  FM transmitters have certain characteristics, uses, benefits, standards and/or qualities that

22  FM transmitters do not have, failed to disclose the above-described FM transmitter

23  problems to Plaintiff and the Class at the time of purchase, and engaged in such conduct

24  which is likely to deceive Plaintiff and the Class. *See, e.g., (see, e.g., ¶¶ 13-15 above).*

25     52.     Defendant committed fraudulent business practices by engaging in conduct

26  that was and is likely to deceive customers acting reasonably under the circumstances.

27  Defendant's fraudulent practices include, without limitation, failing to disclose or

28  concealing from Plaintiff and from the Class at the time of sale, on the product packaging or

1   otherwise, that FM transmitters were unfit for their intended purpose and fail to perform as

2   represented by Defendant.

3         53.    Had Plaintiff and the Class known of Defendant's aforementioned practice,

4   omissions and/or concealments, they would have acted differently, *e.g.*, they would not have

5   purchased the FM transmitters.

6         54.    Plaintiff and the Class have suffered injury in fact and have lost money or

7   property as a result of Defendant's above-described acts and omissions.

8                          **SECOND CAUSE OF ACTION**

9                  **(By all Class Members Against All Defendants)**

10                            **Unjust Enrichment**

11        55.    Plaintiff repeats and realleges each and every allegation contained above as if

12   fully set forth herein.

13        56.    Defendant designed, manufactured, produced, marketed and/or sold FM

14   transmitters that did were not fit for their ordinary purpose and failed to perform as

15   represented by Defendant.

16        57.    Plaintiff and the Class conferred upon Defendant economic benefits in the

17   form of revenues and profits from the sale of FM transmitters. Defendant accepted or

18   retained these benefits with full knowledge and awareness that Plaintiff and the Class had

19   not received products of the highest quality, nature, fitness or value as represented by

20   Defendant.

21        58.    Allowing Defendant to retain the benefits conferred by Plaintiff and the Class

22   under these circumstances is unjust and inequitable.

23                            **PRAYER FOR RELIEF**

24         WHEREFORE, Plaintiff, individually and on behalf of the Class, prays that the Court

25   enter judgment against Defendant, as follows:

26         A.    Certifying the Class defined above, designating Plaintiff as class

27   representative and her counsel as class counsel;

28

1  B. Finding that Defendant has violated the statutes and common law as set forth

2 above;

3  C. Awarding declaratory, equitable and injunctive relief, including enjoining

4 Defendant from continuing its above described unlawful practices;

5  D. Awarding to Plaintiff and the Class damages, restitution, restitutionary

6 disgorgement, disgorgement of revenues and profits from the sale of FM transmitters, and

7 interest thereon;

8  E. Establishing a constructive trust until further order of the Court consisting of

9 monies Defendant recouped from its sale of FM transmitters;

10  F. Awarding attorneys fees and costs;

11  G. All other relief the Court deems appropriate.

12

13 DATED: July 2, 2009    PARISI & HAVENS LLP

            PROGRESSIVE LAW GROUP LLC

14

15

16           By

            David C. Parisi

17            Attorneys for plaintiff Ayelet Harpaz,

            individually and on behalf of the general

18            public and all others similarly situated

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff and the class members hereby demand a trial by jury of all claims and causes of action in this lawsuit.

DATED: July 2, 2009

PARISI & HAVENS LLP

PROGRESSIVE LAW GROUP LLC

By _____
David C. Parisi
Attorneys for plaintiff Ayelet Harpaz,
individually and on behalf of the general
public and all others similarly situated

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FILED** CM-010

**LOS ANGELES SUPERIOR COURT**

JUL 2 2009

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):* | |

David C. Parisi
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA 91403
TELEPHONE NO. (818) 990-1299   FAX NO. (818) 501-7852
ATTORNEY FOR *(Name):* Plaintiff Ayelet Harpaz

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Harpaz v. Belkin International, Inc, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC417047 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
✓ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 1) Viol of B&P sec. 17200; 2) unjust enrichment
5. This case ✓ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2009
David C. Parisi
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (non-
    domestic relations)
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Harpaz v. Belkin International, Inc., et al. | BC 417047 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check <u>one</u> Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

---

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

---

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br><br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br><br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br><br>1., 2., 4.<br><br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Harpaz v. Belkin International, Inc., et al. | |

| | A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont d.)** | Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032   Quiet Title | 2., 6. |
| | | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Harpaz v. Belkin International, Inc., et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 8. |
| | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE: Harpaz v. Belkin International, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 501 W. Walnut Street |
|---|---|
| CITY: Compton | STATE: CA | ZIP CODE: 90220 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk           courthouse in the Central District     District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 2, 2009

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 2 2009

JOHN A CLARKE, CLERK
BY MARY GARCIA, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BELKIN INTERNATIONAL, INC.; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AYELET HARPAZ, individually and on behalf of the general public
and all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es:)*  Los Angeles Superior Court

111 N. Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

BC 417047

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David C. Parisi, Parisi & Havens LLP; 15233 Valleyheart Drive, Sherman Oaks, CA 91403; (818) 990-1299

DATE:                                          JOHN A. CLARKE, CLERK                            , Deputy
*(Fecha)*                                                                    *(Secretario)*                        *(Adjunto)*

                                                                                            M. GARCIA

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| PARISI & HAVENS LLP<br>David C. Parisi, Esq. (SBN 162243); Suzanne Havens-Beckman, Esq. (SBN 188814)<br>15233 Valleyheart Drive<br>Sherman Oaks, California 91403 | **FILED**<br>LOS ANGELES SUPERIOR COURT |

TELEPHONE NO. (818) 990-1299     FAX NO. *(Optional)* (818) 501-7852
E-MAIL ADDRESS *(Optional)*: dparisi@parisihavens.com;shavens@parisihavens.com
ATTORNEY FOR *(Name)*: Plaintiff

**JUL 21 2009**

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: CENTRAL DISTRICT

REC'D
JUL 21 2009
FILING WINDOW

| PLAINTIFF/PETITIONER: AYELET HARPZA, individually and on behalf of | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BELKIN INTERNATIONAL,INC.;and Does1-100 | BC417047 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: 651046 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [✓] other *(specify documents):* SEE ATTACHED LIST OF DOCUMENTS

3. a. Party served *(specify name of party as shown on documents served):*

   Belkin International, Inc.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   2875 Michelle Drive, Suite 100, Irvine, California 92606
5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                         (2) at *(time):*
   b. [✓] **by substituted service.** On *(date):* 07/13/09      at *(time):* 2:30 pm   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   Dena LaPorta, Receptionist

   (1) [✓] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [✓] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* 07/13/09  from *(city):* Los Angeles    or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: AYELET HARPZA, individually and on behalf of | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BELKIN INTERNATIONAL, INC.; and Does 1-100 | BC417047 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:         (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*:  Belkin International, Inc.
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                             ☐ other:

7. **Person who served papers**
  a. Name:  James Johnson, Ace Messenger & Attorney Service, Inc.
  b. Address: 310 West 3rd Street, Santa Ana, California 92701
  c. Telephone number: (714) 543-4220
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☐ owner ☑ employee ☐ independent contractor.
      (ii) Registration No.: PSC2194
      (iii) County: ORANGE

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  July 14, 2009

JAMES JOHNSON
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)
                                (SIGNATURE )

## *ATTACHED LIST OF DOCUMENTS*

### *SUPERIOR COURT OF THE STATE OF CALIFORNIA*
### *FOR THE COUNTY OF LOS ANGELES*

*AYELET HARPAZ, individually and on behalf of the general public and all others similarly situated*

*v.*

*BELKIN INTERNATIONAL, INC.; and DOES 1-100, inclusive*

### *CASE NUMBER: BC417047*

1.  NOTICE OF CASE ASSIGNMENT-UNLIMITED CIVIL CASE;

2.  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

*#651046*

1

## PROOF OF SERVICE BY FEDERAL EXPRESS/OVERNIGHT DELIVERY

2       I am a citizen of the United States and employed in Orange County,

3   California, at the office of a member of the bar of this Court at whose direction this

4   service was made. I am over the age of eighteen years and not a party to the within

5   action. My business address is 610 Newport Center Drive, 17th Floor, Newport Beach,

6   California 92660-6429. On August 12, 2009, I served the following:

7   **BELKIN INTERNATIONAL, INC.'S NOTICE OF**
8   **REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

9   by putting a true and correct copy thereof together with an unsigned copy of this

10   declaration, in a sealed envelope, with delivery fees paid or provided for, for delivery the

11   next business day to:

12   David C. Parisi, Esq.            Mark Bulgarelli
    Suzanne Havens Beckman, Esq.   PROGRESSIVE LAW GROUP

13   PARISI & HAVENS LLP         LLC
    15233 Valleyheart Drive         222 W. Ontario Suite 310

14   Sherman Oaks, CA 91403        Chicago, IL 60610
    (818)990-1299               markb@progressivelaw.com

15   dcparisi@parisihavens.com
    shavens@parisihavens.com

16

17   and by placing the envelope for collection today by the overnight courier in accordance

18   with the firm's ordinary business practices. I am readily familiar with this firm's practice

19   for collection and processing of overnight courier correspondence. In the ordinary course

20   of business, such correspondence collected from me would be processed on the same day,

21   with fees thereon fully prepaid, and deposited that day in a box or other facility regularly

22   maintained by Federal Express, which is an overnight carrier.

23       I declare under penalty of perjury under the laws of the United States that

24   the above is true and correct. Executed on August 12, 2009, at Newport Beach,

25   California.

26

27   _____

28              Adonna Powell

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. § 1441

**COPY**

UNITED STATES  DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AYELET HARPAZ, individually and on behalf of the general public and all others similarly situated | BELKIN INTERNATIONAL, INC.; and DOES 1-100, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| David C. Parisi (162248) Suzanne Havens Beckman (188814) PARISI & HAVENS LLP 15233 Valleyheart Drive Sherman Oaks, CA 91403 818-990-1299 (phone) | Brian S. Currey (SB #108255) Molly J. Magnuson (SB #229444) O'MELVENY & MYERS LLP 400 S. Hope Street Los Angeles, CA 90071 213-430-6000 (phone) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**CV09-05897**

UNITED STATES ~~FRICT~~ COURT, CENTRAL DISTRICT O~~F CA~~LIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s) _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | On information and belief, the named plaintiff resides in Illinois. |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_  Date August 12, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE BY FEDERAL EXPRESS/OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Orange County, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen years and not a party to the within action. My business address is 610 Newport Center Drive, 17th Floor, Newport Beach, California 92660-6429. On August 12, 2009, I served the following:

## CIVIL COVER SHEET

by putting a true and correct copy thereof together with an unsigned copy of this declaration, in a sealed envelope, with delivery fees paid or provided for, for delivery the next business day to:

David C. Parisi, Esq.                    Mark Bulgarelli
Suzanne Havens Beckman, Esq.             PROGRESSIVE LAW GROUP
PARISI & HAVENS LLP                      LLC
15233 Valleyheart Drive                  222 W. Ontario Suite 310
Sherman Oaks, CA 91403                   Chicago, IL 60610
(818)990-1299                            markb@progressivelaw.com
dcparisi@parisihavens.com
shavens@parisihavens.com

and by placing the envelope for collection today by the overnight courier in accordance with the firm's ordinary business practices. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid, and deposited that day in a box or other facility regularly maintained by Federal Express, which is an overnight carrier.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on August 12, 2009, at Newport Beach, California.

Adonna Powell

NB1-781111.1

PROOF OF SERVICE